IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BENJAMIN WALKER,

                                                                   OPINION AND ORDER

                Plaintiff,

                                                                   11-cv-599-bbc

       v.

WISCONSIN DEPARTMENT OF CORRECTIONS,
RICK RAEMISCH, GARY HAMBLIN,
PETER HUIBREGTSE, TIM HAINES,
DAVID GARDNER, SARA MASON,
LT. TOM and SGT. NOVISKA,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Benjamin Walker has filed a proposed amended complaint in which he alleges that prison officials (1) allowed his legal papers to get wet; (2) destroyed or confiscated those papers and other property; and (3) failed to accommodate his request for a special diet; all in violation of his rights to have access to the courts, his "right to property" and his right to be free from cruel and unusual punishment. Now that plaintiff has made an initial partial payment of the filing fee under 28 U.S.C. § 1915(b)(1), I may screen his complaint to determine whether it states a claim upon which relief may be granted, as required by 28 U.S.C. §§ 1915(e)(2) and 1915A. Having reviewed the complaint, I conclude

1

that all of his claims must be dismissed.

Plaintiff alleges that he was incarcerated at the Wisconsin Secure Program Facility during the events relevant to this lawsuit. (He has since been transferred to the Waupun Correctional Institution.) He was housed in a small cell that included a shower. He asked for a box to contain his legal papers, but defendant Gardner denied that request. On several occasions between December 2010 and March 2011, prison staff turned on the shower "without first telling" plaintiff they were doing so. Plaintiff's legal papers got wet because they were "loosely organized on the floor." Beginning in March 2011, prison staff began confiscating plaintiff's legal papers on the ground that they were moldy. In June 2011, defendant Gardner ordered that all of plaintiff's property be destroyed, including his legal papers, glasses, Bible and personal letters, again because these items were moldy.

These allegations do not state a claim under the Constitution. The right of access to the courts guarantees prisoners that they will not be arbitrarily prevented from litigating a federal action, Ex parte Hull, 312 U.S. 546, 549 (1941), and, further, that they will have "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Bounds v. Smith, 430 U.S. 817, 825 (1977). However, under Lewis v. Casey, 518 U.S. 343, 351 (1996), a prisoner does not have standing to bring an access to courts claim unless he was "actually injured," which the Court defined as being prevented from filing or litigating a nonfrivolous lawsuit. In this case, plaintiff says generally that his

2

legal papers were related to his effort "to prove that he's incarcerated illegally," but he does not explain *how* the loss of those papers has hindered his ability to litigate any particular case. The right to have access to the courts does not extend to any piece of paper related to a particular lawsuit. Because plaintiff has not identified an injury, this claim must be dismissed.

With respect to his "right to property," plaintiff cites Article I, § 1, but that provision relates to Congress; it does not grant rights to individuals. The Fourteenth Amendment prohibits the deprivation of property without due process of law, but even that provision does not apply in this case. As long as state remedies are available for the loss of property, neither intentional nor negligent deprivation of property gives rise to a constitutional violation. Daniels v. Williams, 474 U.S. 327 (1986); Hudson v. Palmer, 468 U.S. 517 (1984). The state of Wisconsin provides several post-deprivation procedures for challenging the alleged wrongful taking of property. Wis. Stat. §§ 810 and 893 provide replevin and tort remedies. In particular, § 810.01 provides a remedy for the retrieval of wrongfully taken or detained property, and § 893 contains provisions concerning tort actions to recover damages for wrongfully taken or detained personal property and for the recovery of the property. Because plaintiff has post-deprivation procedures available to him in state court, he cannot claim that the state deprived him of due process. Accordingly, this claim will be dismissed for plaintiff's failure to state a claim upon which relief may be granted.

3

Plaintiff asserts another claim in which he alleges that he asked for a "special diet . . . to conform to his ethical beliefs, which involves not eating animal products." He then says that he "refused milk offered to him, which totaled 360 calories a day" out of "about 2000 calories" provided in prison meals each day. Plaintiff does not explain this claim further, but he cites the Eighth Amendment, so I understand his claim to be that prison officials subjected him to cruel and unusual punishment by refusing to provide a substitute for the milk he refused to drink.

The Eighth Amendment is not violated when prisoners are unable to choose all the food served to them, Carroll v. DeTella, 255 F.3d 470, 472 (7th Cir. 2001); Lunsford v. Bennett, 17 F.3d 1574, 1579 (7th Cir. 1994), or even when a prisoner misses an occasional meal. Freeman v. Berge, 03-C-21-C, 2003 WL 23272395, *5 (W.D. Wis. 2003); Morrison v. Martin, 755 F. Supp. 683, 686 (E.D.N.C.), aff'd 917 F.2d 1302 (4th Cir.1990). Rather, food deprivation may be an Eighth Amendment violation when the prisoner does not receive "nutritionally adequate food" for an extended period. Antonelli v. Sheehan, 81 F.3d 1422, 1432 (7th Cir. 1996); see also Hutto v. Finney, 437 U.S. 678, 683, 686-87 (1978) (diet consisting of fewer than 1,000 calories each day could violate Eighth Amendment if maintained for substantial time period). In other words, the question is whether the food deprivation was so great that it subjected the prisoner to a substantial risk of serious harm. Reed v. McBride, 178 F.3d 849, 853 (7th Cir. 1999).

4

In this case, plaintiff does not allege that prison officials refused to feed him; he says they refused to provide a substitute for part of the meal that he did not like. The Court of Appeals for the Seventh Circuit has held that a prisoner should not be "put to an improper choice between adequate nutrition and observance of the tenets of his faith," Hunafa v. Murphy, 907 F.2d 46, 47 (7th Cir. 1990), but it is not clear from plaintiff's complaint whether his dietary preference is motivated by religious belief or would be protected by the free exercise clause. However, even if I assume that it would be, plaintiff does not give any reason to believe that the diet he received at the Wisconsin Secure Program Facility had any adverse effects on his health. Accordingly, this claim must be dismissed as well.

ORDER

IT IS ORDERED that

1. Plaintiff Benjamin Walker's complaint is DISMISSED for his failure to state a claim upon which relief may be granted.

2. A strike will be recorded in accordance with 28 U.S.C. § 1915(g).

3. Plaintiff is obligated to pay the unpaid balance of his filing fee in monthly payments as described in 28 U.S.C. § 1915(b)(2). The clerk of court is directed to send a letter to the warden of plaintiff's institution informing the warden of the obligation under Lucien v. DeTella, 141 F.3d 773 (7th Cir. 1998), to deduct payments from plaintiff's trust

fund account until the filing fee has been paid in full.

    4. The clerk of court is directed to enter judgment in favor of defendant and close this case.

    Entered this 13th day of September, 2011.

                                  BY THE COURT:
                                  /s/
                                  BARBARA B. CRABB
                                  District Judge