IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BENJAMIN WALKER,

                              ORDER

           Plaintiff,

                              11-cv-599-bbc

    v.

WISCONSIN DEPARTMENT OF CORRECTIONS,
RICK RAEMISCH, GARY HAMBLIN,
PETER HUIBREGTSE, TIM HAINES,
DAVID GARDNER, SARA MASON,
LT. TOM and SGT. NOVISKA,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On September 13, 2011, I dismissed plaintiff Benjamin Walker's complaint for failure to state a claim upon which relief may be granted. In an order entered on November 18, 2011, I denied plaintiff's motion for reconsideration. Now plaintiff has filed a notice of appeal from the September 13, 2011 and November 18, 2011 orders. Because plaintiff has not paid the $455 filing fee for filing an appeal, I will construe his notice of appeal as a request to proceed <u>in forma pauperis</u> on appeal.

A district court has authority to deny a request for leave to proceed <u>in forma pauperis</u> under 28 U.S.C. § 1915 for one or more of the following reasons: the litigant wishing to

1

take an appeal has not established indigence, the appeal is taken in bad faith or the litigant is a prisoner and has three strikes. § 1915(a)(1),(3) and (g). <u>Sperow v. Melvin</u>, 153 F.3d 780, 781 (7th Cir. 1998). Plaintiff's request for leave to proceed <u>in forma pauperis</u> on appeal will be denied, because I am certifying that his appeal is not taken in good faith.

In <u>Lucien v. Roegner</u>, 682 F.2d 625, 626 (7th Cir. 1982), the court of appeals instructed district courts to find bad faith in cases in which a plaintiff is appealing the same claims the court found to be without legal merit. <u>Lee v. Clinton</u>, 209 F.3d 1025, 1027 (7th Cir. 2000). Plaintiff is trying to appeal the same claims on which I denied him leave to proceed. Because there is no legally meritorious basis for plaintiff's appeal, I must certify that the appeal is not taken in good faith.

Because I am certifying plaintiff's appeal as not having been taken in good faith, he cannot proceed with his appeal without prepaying the $455 filing fee unless the court of appeals gives him permission to do so. Under Fed. R. App. P. 24, he has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed <u>in forma pauperis</u> on appeal. Plaintiff must include with his motion, an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), with a statement of issues he intends to argue on appeal. Also, he must send along a copy of this order. Plaintiff should be aware that he must file these documents in addition to the notice of appeal he has filed previously. If he does not file a motion requesting review of this order, the court of appeals

may choose not to address the denial of leave to proceed in forma pauperis on appeal. Instead, it may require him to pay the full $455 filing fee before it considers his appeal further. If he does not pay the fees within the deadline set, it is possible that the court of appeals will dismiss the appeal.

ORDER

IT IS ORDERED that plaintiff Benjamin Walker's request for leave to proceed in forma pauperis on appeal, dkt. #10, is DENIED. I certify that his appeal is not taken in good faith. The clerk of court is directed to insure that plaintiff's obligation to pay the $455 fee for filing his appeal is reflected in the court's financial records.

Entered this 28th day of December, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3